## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JANE DOE 1, ON BEHALF OF JOHN DOE 1,**
**JOHN DOE 2, and, JANE DOE 3, ALL MINORS;**
**AND, JANE DOE 2, ON BEHALF OF**
**JOHN DOE 4, A MINOR**                                        **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO:** 1:25cv237 LG-BWR

**SEAN PAROL, TERESA MASSINGILL**
**AND, JOHN DOES 1-10**                                        **DEFENDANTS**

## COMPLAINT
## Jury Trial Demanded

COMES NOW, Plaintiffs, by and through counsel, and files this Complaint against the Defendants and states as follows:

## NATURE OF THE ACTION

1.      This is suit for damages arising out of the Defendant Parol's violation of Federal criminal child pornography laws and other Federal criminal statutes as outlined below.

2.      18 U.S.C. § 2255(a) allows victims of child pornography crimes under sections 2251 to recover the actual damages a person sustains or liquidated damages in the amount of $150,000.00, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.  The Court may also award punitive damages and grant such other preliminary equitable relief as the Court determines to be appropriate.

3.      This action is also centered around various State law claims of the minors involved and Parol's actions.

4.      All Defendants have committed fraud under the Mississippi Fraudulent Transfer Act, and other state law claims.

## PARTIES

5.      Jane Doe 1 is the mother of three minor children and resides in Ocean Springs, Harrison County, Mississippi.

6.      Jane Doe 1 is a pseudonym for the mother of the 3 minor victims.

7.      John Doe 1 is a minor child and is a resident in the home of Jane Doe 1, his mother, in Harrison County, Mississippi.

8.      John Doe 1 is a pseudonym for a minor victim.

9.      John Doe 2 is a minor child and is a resident in the home of Jane Doe 1, his mother, in Harrison County, Mississippi.

10.      John Doe 2 is a pseudonym for a minor victim.

11.      Jane Doe 3 is a minor child and is a resident in the home of Jane Doe 1, her mother, in Harrison County, Mississippi.

12.      Jane Doe 3 is a pseudonym for a minor victim.

13.      Jane Doe 2 is a pseudonym for the mother of the 1 minor victim.

14.      John Doe 4 is a minor child and is a resident in the home of Jane Doe 2, his mother, in Harrison County, Mississippi.

15.      John Doe 4 is a pseudonym for a minor victim.

16.      Defendant Parol is an adult resident citizen of Mississippi and currently in the custody of the United States Bureau of Prisons. Parol resided in this judicial district prior to incarceration.

17.      Defendant  Massingill is an adult resident citizens of Harrison County Mississippi and may be served with process at 92221 Barnacle Boulevard, Ocean Springs, Mississippi or wherever she may be found.

## JURISDICTION AND VENUE

18.    Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

19.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendants reside (ii) the Court has pendant jurisdiction over State law claims and (iii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in full or in part in this district.

## FACTS

20.    A criminal complaint against Defendant Parol was filed for child pornography crimes under 18 U.S.C. § 2422(b), 2251(a)(e), 2252(a)(4)(B) and (b)(2). (a) and (e) on January 7, 2025.

21.    Defendant Parol also knowingly and fraudulently transferred assets of real and personal property to avoid any liability and restitution for his crimes.

22.    Defendant Massingill knowingly and falsely received transferred assets against the Mississippi Code.

23.    Minor Plaintiffs are the victims of Defendant Parol's production, possession, and coercion and inducement to produce child pornography in violation of Federal law.

24.    Due to the sensitive, private, and potentially retaliatory nature of John Does 1, 2, and 4, minors and Jane Doe 3 a minor, allegations, Jane Doe 1 and Jane Doe 2 request that this Court permit them to proceed under pseudonyms. Courts recognize an exception to the general rule that pleadings name all parties when the issues involved are of a sensitive and highly personal nature. For good cause, as exists here, the Court may permit Plaintiffs to proceed in pseudonym to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Here,

granting pseudonym status is warranted because this litigation will involve the disclosure of stigmatizing sexual information, including sexual assault, rape and production of child pornography. Jane Does 1 and 2 fear the stigma from their family, friends, employer, and community if Plaintiffs' true identities are revealed in the public record.

25.    Defendants will not be prejudiced by Plaintiffs' use of a pseudonyms. P l a i n t i f f s will agree to reveal their identity to Defendants for the limited purpose of investigating the claims once the parties are governed by a protective order. Plaintiffs simply seek redaction of their personal identifying information from the public docket and assurances that Defendants will not use or publish her identity in a manner that will compromise Plaintiffs' personal lives or future employment prospects.

**FIRST CAUSE OF ACTION**
**18 U.S.C. 2255**

26.    Plaintiffs reallege all allegations in prior paragraphs.

27.    18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2251(a) and suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in an appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00, and the cost of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred. The Court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

24.    Defendant Parol has plead guilty to committing Federal child pornography crimes found at 18 U.S.C. § 2422(b), 2251(a)(e), 2252(a)(4)(B) and (b)(2). (a) and (e).

25.     Plaintiffs, each of them, are victims of Defendant Parol' violation of 18 U.S.C. § 2422(b), 2251(a)(e), 2252(a)(4)(B) and (b)(2). (a) and (e).

26.     The United States Supreme Court in *Paroline v. United States*, 572 U.S. 464 (2014), has held that the victims of child pornography crimes necessarily suffer personal injury.  Plaintiffs are such victims, and therefore, as a matter of law, have suffered personal injury.

27.     Minor Plaintiffs, qualify for liquidated damages in the amount of $150,000.00 each, the cost of the action, including reasonable attorneys' fees, other litigation costs reasonably incurred, prejudgment interest, post judgment interest, and such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTION DISTRESS

28.     Plaintiffs reallege all allegations in prior paragraphs.

29.     Plaintiffs have each been injured by the acts of Parol and the acts of the Massingill.

30.     Parol's acts of sexual assault and production of child pornography have negligently inflicted emotional distress upon all Plaintiffs.

31.     It is reasonably foreseeable that the acts of Parol has and did cause the Plaintiffs emotional distress.

32.     It is also reasonably foreseeable that the fraudulent transfer of Parol's assets to the Massingill, maliciously attempting to shield Parol of any funds available for damages, caused the Plaintiffs' emotional distress.

33.     The Plaintiffs have been damaged and all Defendants are liable to the Plaintiffs for damages.

**THIRD CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

34.     Plaintiffs reallege all allegations in prior paragraphs.

35.     The Defendants acted willfully or wantonly towards the Plaintiffs by committing the certain described actions herein.

36.     The Defendants' acts are ones which evoke outrage or revulsion in civilized society.

37.     The acts were directed at, or intended to cause harm to the Plaintiffs.

38.     Plaintiffs suffered severe emotional distress as a direct result of the acts of the Defendants.

39.     Such resulting emotional distress was foreseeable from the intentional acts of the Defendants.

**FOURTH CAUSE OF ACTION**
**CIVIL BATTERY**

40.     Plaintiffs reallege all allegations in prior paragraphs.

41.     Defendant Parol committed an unlawful and unwanted touching of the Doe minor Plaintiffs.

42.     As a result of the unwanted touching, Defendant Parol has committed battery of the minor Doe Plaintiffs and caused them personal injury and damages.

**FIFTH CAUSE OF ACTION**
**CIVIL ASSAULT**

43.     Plaintiffs reallege all allegations in prior paragraphs.

44.     Defendant Parol placed the minor Doe Plaintiffs in fear of an unlawful and unwanted touching.

45.    As a result of the imminent fear of the unwanted touching, Defendant Parol has committed assault of the minor Doe Plaintiffs and caused them personal injury and damages.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE PER SE - INVASION OF PRIVACY MISS. CODE ANN. § 97-29-63

46.    Plaintiffs reallege all allegations in prior paragraphs.

47.    Defendant Parol invaded the privacy of minor Doe Plaintiffs.

48.    Miss. Code Ann. § 97-29-63 states:

(1) Any person who with lewd, licentious or indecent intent secretly photographs, films, videotapes, records or otherwise reproduces the image of another person without the permission of such person when such a person is located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, including, but not limited to, private dwellings or any facility, public or private, used as a restroom, bathroom, shower room, tanning booth, locker room, fitting room, dressing room or bedroom shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than five (5) years in the custody of the Department of Corrections, or both.

(2) Where the person who is secretly photographed, filmed, videotaped or otherwise reproduced is a child under sixteen (16) years of age, a person who violates subsection (1) of this section shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than ten (10) years in the custody of the Department of Corrections, or both.

49.    By making and producing child pornography videos of minor Doe Plaintiffs without their consent in a private residence, Parol violated this Mississippi Code section.

50.    Parol is negligent per se and proximately caused damages to minor Does Plaintiffs.

## SEVENTH CAUSE OF ACTION
## FRAUDULENT TRANSFER MISS. CODE ANN. § 15-3-107

51.    Plaintiffs reallege all allegations in prior paragraphs.

52.    Defendant Parol fraudulently transferred funds, real property and other goods to the Massingill Defendant after his indictment due to heinous crimes against the Plaintiffs.

53.    Massingill accepted the transfer of funds from the sale of real and personal property from Parol to knowingly hide assets of Parol in an effort to avoid liability and damages to Plaintiffs.

54.    The Defendants have committed fraud. Plaintiffs have been damaged and are entitled to compensatory and punitive damages from the Defendants.

## EIGHTH CAUSE OF ACTION
## CIVIL CONSPIRACY

55.    Plaintiffs reallege all allegations in prior paragraphs.

56.    The Defendants made an agreement with each other to transfer property and funds out of Parol's name to avoid paying Plaintiffs damages for the acts of Parol.

57.    The tortious and unlawful act was committed against the Plaintiffs in furtherance of the agreement.

58.    The Plaintiffs suffered economic loss as a result.

## GROSS NEGLIGENCE

59.    Plaintiffs reallege all allegations in prior paragraphs.

60.    The actions of Defendants, as described herein, demonstrate a wanton and reckless disregard for the rights of Plaintiffs.

61.    Defendants' actions were so reckless as to warrant the award of punitive damages.

62.    Defendants are liable for all negligent acts and omission committed, as such acts were the direct, immediate, and proximate result of Plaintiffs' injuries.

63.    As a direct and proximate result of the gross negligence by Defendants, Plaintiffs have sustained damages to be proven at a trial of this matter.

64.    Defendants' actions entitle Plaintiffs to punitive damages.

## DAMAGES

65.     Plaintiffs have suffered and continue to suffer extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial for this matter.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray for judgment of, from and against Defendants in an amount to be determined by a jury or Court that fully and fairly compensates Plaintiffs, including all costs incurred, including damages, and any prejudgment or post-judgment interest of not more than $11,000,000.00. Plaintiffs further pray for any other general relief to which they may be entitled.

**RESPECTFULLY SUBMITTED,** this 29th day of July 2025.

**PLAINTIFFS**

_____
**Toby Gammill**

By: _s/Toby Gammill_
TOBY GAMMILL (MSB # 100367)
MW Law Firm, PLLC
P.O. Box 3840
Tupelo, MS 38803
T: (662) 883-6262
F: (662) 350-3200
Email: toby@mamajustice.com
_Attorney for Plaintiffs_